48487. NATIONAL BANK OF GEORGIA v. MERRITT et. al.
48488. NATIONAL BANK OF GEORGIA v. MERRITT.

ARGUED SEPTEMBER 14, 1973 — DECIDED OCTOBER 10, 1973 — REHEARING DENIED OCTOBER 26, 1973.

*Schwall & Heuett, Stanley M. Lefco,* for appellant.
*Arthur P. Tranakos, Martin S. Jackel,* for appellees.

HALL, Presiding Judge. In both appeals, the basic question before the court is whether these tardy answers were properly admitted into the record. We hold that they were not, and that defendant in each case by not responding had admitted the facts as stated in the requests prior to the Bank's summary judgment motions.

1. The plaintiff-appellant Bank contends that the judge erred in allowing the answers into the record when they were not timely filed and no extension of time had been requested before the initial 30 days ran out. *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (93 SE2d 653), is inapposite for two reasons. It related to answers to interrogatories—not requests for admissions, and it predated the 1972 amendment to the CPA.

Prior to the 1972 amendment, the CPA provided that the party submitting a request should designate in the request a period, not less than 10 days, in which a response to the request was to be made. This matter is now dealt with in the rule itself (Code Ann. § 81A-136) rather than by a designation in the request. The amendment also removed the provision that the court could change the time for answering on "motion and notice"; and presently, "an ex parte application now is proper if it is made before the expiration of the period prescribed by the rule." 8 Wright and Miller, Federal Practice & Procedure: Civil § 2257, p. 719 (1970).

The Wright and Miller analysis is that the court has power to allow additional time for answering even after the time fixed by the rule has expired, but once items have been admitted by failure to answer, "it would seem that the test now stated in Rule 36b for

withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." *Id.* We interpret that to mean that when 30 days have expired without answer or objection, then the requests are admitted subject only to the requestee's opportunity under Code Ann. § 81A-136 (b) *on motion* to have his admissions "withdrawn" if he shows that such action will aid in the presentation of the merits and if the other party fails to show that he will be prejudiced. This "withdrawal" of admissions upon a proper showing is a new remedy allowed to defaulting requestees. That, however, puts the burden on the one who has failed to answer—the defendant in each case here—to be bound by the "admissions," unless he takes the initiative and files a motion and succeeds in defeating such admissions. See also *Bailey v. Bailey,* 227 Ga. 55 (178 SE2d 864); *Turner v. Bank of Zebulon,* 128 Ga. App. 404 (196 SE2d 668).

The defendants here failed to answer within the proper time and failed to file any motion to have the admissions withdrawn. They are therefore bound by the admissions and the trial court erred in allowing the answers into the record.

2. In support of the trial court's denial of the Bank's summary judgment motion, the defendants contend that requests for admissions cannot be used to establish facts which are the central facts in controversy, citing as authority *Hobbs v. New England Ins. Co.,* 212 Ga. 513, 517, supra. Defendants' contention fails, however, because the law has changed. This was the law prior to the 1972 amendments to the CPA. The pertinent part of the 1972 amendment provides: "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request . . ." Code Ann. § 81A-136. Now, the Rule "provides that a party may not object to a request for an admission on the ground that it presents a genuine issue for trial. He is required either to deny the matter or set forth reasons why he cannot admit or deny it. An answer, rather than an objection, is now the only proper response if a party considers that he has been asked to admit something that he disputes." 8 Wright and Miller, Federal Practice & Procedure: Civil § 2256 at p. 717 (1970). In any event, defendants made no timely objection to the requests on this or any other ground.

The Bank's complaint against Jerry Merritt sought judgment for

principal, attorney fees, and an unstated amount as interest. As we discussed above, the principal amount and the attorney fees stand admitted; however, the requests for admissions did not request an admission of the genuineness of the note or an admission of indebtedness for interest.

We note paragraph 3 of the Bank's motion which moved the court if judgment upon the whole case may not be rendered in the Bank's favor, to make an appropriate "Order specifying the facts that appear without substantial controversy, directing such further proceedings in the action as are just." This request is entirely in keeping with Code Ann. § 81A-156 (d) and we direct the trial court upon remand of this case to fashion such an order in keeping with this opinion in Case No. 48488.

In Case No. 48487, the complaint did not seek interest, but only principal and attorney fees. Both principal amount and attorney fees stand admitted through failure of defendant to answer the request for admissions and therefore the bank in its motion was entitled to summary judgment.

*Judgment reversed and remanded with direction in Case No. 48488; reversed as to Case No. 48487. Evans and Clark, JJ., concur.*