48708. CUSTOM FARM SERVICES, INC. v. FAULK.

QUILLIAN, Judge. Custom Farm Services, Inc. filed its complaint in the Twiggs Superior Court against George W. Faulk. The complaint as amended sought recovery for the price of goods which the defendant allegedly purchased under the terms of a written contract. The defendant answered the complaint denying the material allegations thereof and that he had ever received any items under the contract. Thereafter, the plaintiff served interrogatories upon the defendant which were duly answered. The case then came on for trial at which the defendant was granted a continuance. The plaintiff subsequently served upon the defendant a series of requests for admissions. Based upon the defendant's failure to respond to these admissions, the pleadings and the interrogatories, the plaintiff moved for summary judgment. This motion was made more than 33 days after service of the requests for admissions. The trial judge denied the plaintiff's motion for summary judgment and upon a certificate of review being entered, appeal was taken to this

court. *Held:*

Under the request for admissions, it is admitted that the defendant executed the account stated with full understanding of the facts; that previous transactions had taken place between the plaintiff and the defendant; that the parties fixed the amount due; that the defendant promised to pay the plaintiff the fixed amount; and that the fixed amount is presently due and owing to the plaintiff. In short, the admissions covered every issue in the case. In the recent case of *National Bank of Ga. v. Great Southern Business Enterprises,* 130 Ga. App. 221, we considered a situation almost identical to the present one. It was there pointed out that matter is admitted unless within 30 days after service of the request the party to whom the request is directed serves a written answer or objection. While it is true that the trial judge has the authority to grant extensions of time for filing after the time for answering has expired, there must be a motion to allow the late filing under the Civil Practice Act § 6 (b) (Code Ann. § 81A-106 (b); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230), or a motion for withdrawal of the admissions under the Civil Practice Act § 36 (b) (Code Ann. § 81A-136 (b); Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528). *National Bank of Ga. v. Great Southern Business Enterprises,* 130 Ga. App. 221, supra; *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193). Because this was not done in the present case, the facts in the request for admissions were admitted and since no issue of fact remains, the trial judge erred in overruling the motion for summary judgment.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED OCTOBER 2, 1973 — DECIDED JANUARY 15, 1974.

*Adams, O'Neal, Hemingway & Kaplan, Robert F. Hershner,* for appellant.

*Beverly B. Hayes,* for appellee.