## 49795. OSCEOLA INNS et al. v. STATE HIGHWAY DEPARTMENT.
## 49796. OSCEOLA INNS et al. v. SEABOARD COAST LINE RAILROAD COMPANY.

PANNELL, Presiding Judge.

These actions arose from condemnation proceedings instituted by the appellees for the taking of two parcels of land owned by the appellants. Following the awards of the special master in both cases, appellants appealed to the superior court on October 3, 1972. The cases, thereafter, were continued over several terms of court. On September 29, 1973, appellees served appellants with interrogatories to be answered within 33 days. The interrogatories were not answered. Requests for admission of fact were served on appellants March 11, 1974. Remaining unanswered or unobjected to, and no extension of time condoning such action having been granted appellants, appellees filed motions for summary judgments on April 19, 1974, with notice of hearing for May 25, 1974. The day prior to the hearing, appellants

served appellees with a document entitled "Answer to Motion for Summary Judgment," with attached affidavits and sworn answers to the requests for admission. This "answer" admitted that no response to the request for admissions had been made, prayed that appellants' answer to the request for admissions be allowed and ordered filed, and that appellants be extended a jury trial on the matter of just and adequate compensation. On May 25, 1974, appellants submitted the "answer" to the trial judge, who treated the document as a motion for extension of time for the filing of answers to the requests for admission. The trial court denied the motion and granted summary judgments to the appellees. Appellants appealed. *Held:*

1. The principal issue requiring determination is whether the trial judge abused his discretion in not granting permission for the late filing of answers to the request for admissions.

·When an act is required to be done within an allotted time, and that period has elapsed, the court may, at any time in its discretion and upon motion made, permit the act if such was the result of excusable neglect. Section 6 (b) of the Civil Practice Act (Code Ann. § 81A-106 (b); Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230). Under Section 36 (b) of the Act, id. (Code Ann. § 81A-136 (b); Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528), a party who fails to answer within the prescribed period may seek to "withdraw" his admission, but he must file a motion to that effect or be bound by the admissions. *National Bank of Ga. v. Southern Business Enterprises,* 130 Ga. App. 221, 222 (202 SE2d 848); *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193); *Custom Farm Services v. Faulk,* 130 Ga. App. 583 (203 SE2d 912). In the case sub judice, appellants did not file any motion denominated as a motion to withdraw or which can be so construed, but did file a document entitled "Answer to Motion for Summary Judgment," which incorporated by reference affidavits relating to the illness of appellant's attorney and a response to the requests for admission and prayed the response be allowed and ordered filed. The "answer" purported to demonstrate that the appellees were not entitled to summary judgments because appellants' failure to

answer the request for admissions within the time allowed by statute was "the result of providential cause." The trial judge treated the "answer" as a motion for extension of time to file the response to request for admissions under Section 6 (b) of the Civil Practice Act, id., and, finding an absence of excusable neglect, disallowed the filing.

Initially, we note that appellants' "answer" was neither filed nor served in compliance with the Georgia Civil Practice Act, as amended (Code Ann. §§ 81A-105 (d) and 81A-106 (d)). Pretermitting the disregard for this aspect of the process of the court, we pass to the question of whether excusable neglect was demonstrated. Conceding arguendo that appellants' counsel demonstrated he was subject to a serious illness during part of the time so as to render him unable to prepare and file his answer to the requests for admissions during that time, we then consider whether that would preclude the filing of a timely request for an extension of time. Included in the affidavits submitted by appellants is one which affirmatively shows that it was procured on the same date (March 8, 1974) counsel was hospitalized and which reflected his inability to appear in another case and which was filed in another superior court in another county. There was nothing submitted by counsel to show that he was prevented from obtaining an extension of time for answering the requests for admissions, either by himself or through someone connected with his law firm. Additionally, there is no showing that appellants themselves could not have apprised the court of the illness of counsel, as is their duty. *Smith v. Byess,* 127 Ga. App. 39 (192 SE2d 552); *Green v. Whitehead,* 204 Ga. 274 (49 SE2d 527); *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (203 SE2d 766). Thus, appellant has shown neither providential cause (*Thomas v. State,* 118 Ga. App. 748, 165 SE2d 477), nor excusable neglect (*Brucker v. O'Conner,* 115 Ga. 95, 41 SE 245). We find no abuse of discretion by the trial judge in disallowing the late "answer" to the request for admissions and we decline to interfere. *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622). *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429).

There being no denials of the requests for admissions before the court, matters contained in the request must be treated as admissions which in turn, leaves no questions of fact remaining in the instant case. Therefore, no issue remained for trial, and the trial judge properly granted condemnor-appellee's motion for summary judgment. *Bailey v. Bailey,* 227 Ga. 55, 57 (178 SE2d 864).

2. Appellant's remaining enumerations of error have been carefully considered and are found to be without merit.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED OCTOBER 3, 1974 — DECIDED JANUARY 17, 1975.

*Robert W. Harrison, Jr.,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Marion O. Gordon, William C. Joy, Assistant Attorneys General,* for State Highway Dept.

*Lowrey S. Stone,* for Seaboard.