## 57930. CIELOCK v. MUNN.

McMURRAY, Presiding Judge.

Roy Munn sued Chester Cielock, seeking a judgment against the defendant in the amount of $4,000 plus reasonable attorney fees. The action arises out of an alleged pre-incorporation agreement whereby each was to invest $4,000 in the formation of a corporation. Plaintiff contends that he invested $4,000 in the corporation which was spent by the corporation to his detriment which resulted from defendant's failure and refusal to contribute his $4,000 which he had agreed to pay as a part of the contract. The defendant answered, denying the claim, including any pre-incorporation agreement as alleged, but admitting that he had not paid any money into the corporation. He also contended he was not obligated under any agreement to contribute, contending

he was not a party to any pre-incorporation agreement.

Thereafter counsel for the defendant moved to withdraw as counsel. Some months later plaintiff filed requests for admissions that there was a pre-incorporation agreement between plaintiff and defendant for the formation of the corporation; that each agreed to invest $4,000 in the formation of it; and that plaintiff fulfilled his part of the agreement and the funds invested by him have been spent by the corporation. Further, defendant has failed to place any money into the account of the corporation and has failed and refused to contribute in accordance with the pre-incorporation agreement, demand has been made upon the defendant, and he has failed and refused to honor the pre-incorporation agreement. It was requested also that the defendant admit that the plaintiff is entitled to be reimbursed in accordance with the pre-incorporation agreement in the amount of $4,000 and that the defendant "is indebted to the plaintiff as a result of the above described events in the amount of $4,000.00."

Plaintiff then moved for summary judgment based upon the grounds that defendant had "failed and refused to answer plaintiff's requests for admissions and these requests stand admitted through defendant's default [and] [d]efendant has admitted that he is indebted to the plaintiff in the amount of $4,000.00." Whereupon the defendant moved to withdraw the admissions based upon the withdrawal of his counsel, contending that as a layman he was unfamiliar with the intricacies of the Civil Practice Act. Defendant also replied to the request for admissions, denying that there was any pre-incorporation agreement, and that he is not indebted to the plaintiff in any amount whatsoever. The case came on for hearing of the motion for summary judgment, and the trial court in its order pointed out that there was an eight months delay between the filing of the requests for admissions and the motion for summary judgment. The court also pointed out there was additional time between the time of the filing of the motion for summary judgment and the request to withdraw the admissions. The court then, based upon the admission that the defendant was indebted to the plaintiff for the full amount claimed as held in *Thompson v.*

*Berman,* 147 Ga. App. 740 (250 SE2d 190), and the contention that the defendant had not shown providential cause nor excusable neglect so as to allow the late answer to the request for admissions, as in the case of *Osceola Inns v. State Highway Dept.,* 133 Ga. App. 736 (213 SE2d 27), denied defendant's motion to withdraw the admissions and granted summary judgment in favor of the plaintiff. Defendant appeals. *Held:*

1. Considering the time element involved here after the withdrawal of defendant's counsel, we find no abuse of discretion on the part of the trial court in its determination that the defendant had offered no justifiable excuse for his failure to respond to the request for admissions or in moving to withdraw the admissions after the motion for summary judgment was filed. See *National Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193); *National Bank of Ga. v. Great Southern Bus. Enterprises,* 130 Ga. App. 221 (202 SE2d 848); *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429); *Glass v. Glass,* 242 Ga. 736 (251 SE2d 298).

2. In failing to respond to the request for admissions, the defendant has admitted that he is indebted to the plaintiff in the amount of $4,000, "as a result of the above described events." While the claim is somewhat vague as to whether it sounds in tort or breach of contract, nevertheless the defendant by failing to answer the request for admissions has admitted a prima facie case against himself, and the trial court did not err in granting plaintiff's motion for summary judgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED JUNE 13, 1979 — DECIDED JULY 12, 1979 — REHEARING DENIED JULY 24, 1979 —

*Calhoun & Associates, Bruce A. Howe, Kran Riddle,* for appellant.

*Hill, Jones, Friday & Robinson, Jack Friday,* for appellee.