35464. CIELOCK v. MUNN.

MARSHALL, Justice.

This case is here on certiorari. It involves a suit by the respondent against the applicant to recover money

---

allegedly due under a preincorporation agreement. The applicant answered, denying that he was a party to any preincorporation agreement. Subsequently, the applicant's counsel withdrew from the case. Several months later, the respondent filed requests for admissions that there was a preincorporation agreement between the applicant and the respondent under which the applicant agreed to pay the sums allegedly due and that these sums had not been paid. The requests for admissions were not answered by the applicant, and approximately eight months later, the respondent filed a motion for summary judgment. The applicant responded by filing a motion to withdraw the admissions, based on the fact that he had not been represented by counsel. He also filed a denial of the requested admissions.

Citing *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (213 SE2d 27) (1975), both the trial court and the Court of Appeals held that the applicant should not be permitted to withdraw his admissions, because he had not shown "providential cause" for failing to answer the requests for admissions, Code Ann. § 81A-136(a) (Ga. L. 1966, pp. 648, 649); nor had he shown "excusable neglect." Code Ann. § 81A-106(b). We reverse.

As enacted in 1966, Code Ann. § 81A-136(a) provided that a failure to answer a request for admissions in a timely fashion would not be deemed an admission when the party called upon for the admission could demonstrate that the failure to answer was due to providential cause. See *Moore v. Hanson,* 224 Ga. 482 (2) (162 SE2d 429) (1968). However, Code Ann. § 81A-136 was reenacted in 1972 by Ga. L. 1972, pp. 510, 528. Code Ann. § 81A-136(b) now provides, in pertinent part, that "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Subject to the provisions of Section 81A-116 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The changes in CPA § 36

brought about in 1972 were recognized in *Nat. Bank of Ga. v. Merritt,* 130 Ga. App. 85 (202 SE2d 193) (1973). The purpose was to conform the discovery provisions of the CPA to the 1970 Amendments to the Federal Rules of Civil Procedure. See Code Ann. § 81A-136, Editorial Note.

The judgment in this case is reversed and the case is remanded for reconsideration of the applicant's motion to withdraw the admissions on the basis of whether "the presentation of the merits of the action will be subserved thereby" and whether the respondent can "satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits." *Osceola Inns v. State Hwy Dept.,* 133 Ga. App. 736, supra, is disapproved.

*Judgment reversed and remanded. Nichols, C. J., Undercofler, P. J., Jordan and Bowles, JJ., and Judge Charles L. Weltner, concur. Hill, J., concurs specially.*

ARGUED NOVEMBER 14, 1979 — DECIDED DECEMBER 5, 1979.

*Calhoun & Associates, Bruce A. Howe, Kran Riddle,* for appellant.
*Jack Friday,* for appellee.

HILL, Justice, concurring specially.

At the outset let us get the posture of this case clearly in mind. After filing suit, plaintiff served a request for admissions upon the defendant. The thirty days allowed by Code Ann. § 81A-136(a) came and went and the request was not answered. Several months later plaintiff moved for summary judgment based on defendant's "admission" of the request by reason of his failure to timely answer. Defendant moved to withdraw the "admission" and to be allowed to deny the request, which denial was tendered.

The trial court declined to allow the defendant to withdraw the admission because he had not shown "providential cause" for his failure to answer. The Court of Appeals affirmed, 150 Ga. App. 869 (258 SE2d 686) (1979), and this court granted certiorari.

Based on the 1972 amendment to Code Ann. § 81A-136(b), this court propounds a two-prong test for deciding whether a party who has failed to timely answer

requests for admissions should be allowed to withdraw the "admissions": The court may grant a motion to withdraw or amend [1] "when the presentation of the merits will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The burden as to the first prong would be on the requestee as the movant, while the burden as to the second prong is on the requestor.

It should be kept in mind that we are not dealing here with a party who answered a request for admissions by admitting one and later learned that the admission was in error. We deal here with a party who did not answer at all for about eight months. (Personally, I would apply Code Ann. § 81A-106 (b) in cases such as this where the trial court has denied the motion to withdraw.)

In my view, it should not be assumed that the first prong of the test (the prong as to which the defaulting movant has the burden) can be perfunctorily satisfied. The requirement on the movant is to show that the presentation of the merits will be subserved thereby. It could be argued that this requirement is satisfied simply by the filing of the motion itself, which shows movant's desire to raise an issue of fact to be tried. In my view, such a desire to require a trial, standing alone, does not satisfy the test.

The first inquiry should be this — who will have the burden of proof at trial as to the subject matter of the request? If the burden of proof as to the subject matter of the request will be on the defaulting movant, then movant should be required to show that the proferred denial of the request can be proved by admissible evidence having a modicum of credibility, and that the denial is not offered solely for the purpose of delay.

On the other hand, if (as may more often be the case) the burden of proof as to the subject matter of the request will be on the requestor, then movant should be required to show that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredibile on its face, and that the denial is not offered solely for purposes of delay.

After the movant satisfies the court as to the first

prong, then the requestor should be afforded the opportunity to satisfy the second prong.