## 58858. MOORE VENTURES LIMITED PARTNERSHIP v. STACK et al.

QUILLIAN, Presiding Judge.

Moore Ventures Limited Partnership (Moore Ventures) filed a complaint against the law firm of Stack, O'Brien & Neely, and its individual partners based upon a promissory note for $10,000 allegedly executed by Edgar A. Neely, III, on behalf of the partnership on August 15, 1972. The complaint alleged a default in payment of principal and interest due under the instrument and sought recovery thereof.

The defendants filed responsive pleadings and with the exception of one defendant, E. Hearst Roane, filed counterclaims in the amount of $6,000 for legal services performed by the defendants for the plaintiff.

It appears that the plaintiff had previously filed an action against defendants based on the same cause and had dismissed such action without prejudice. Certain of the defendants raised as a special defense the fact that the plaintiff dismissed the prior suit pursuant to an agreement that the action would not be refiled until such time as the plaintiff obtained and provided to the defendants information previously sought in discovery by the defendants.

The issues presented on appeal result from the filing of certain requests for admissions of fact propounded by the defendants upon the plaintiff on September 26, 1978. The requests addressed all material factual issues pertinent to the claims between the parties and if admitted would establish the nonliability of the defendants upon promissory note and the plaintiff's liability upon the defendants' counterclaim.

On December 11, 1978, the defendants O'Brien and Morris filed a motion for summary judgment predicated on the fact that answers to the requests for admissions had not been received and that they were therefore entitled to a motion for summary judgment since the factual matters were deemed to be admitted after the plaintiff failed to timely respond to the requests for admission. Subsequent thereto, the remaining defendants filed their own motion for summary judgment on the same basis.

On January 16, 1979, prior to the hearing on January 19, 1979 of the motion for summary judgment, the plaintiff filed a motion to withdraw the admissions and concurrently thereto filed the affidavit of the attorney who was counsel for the plaintiff in the first action and also the original counsel of record for the plaintiff in the present action. The affidavit stated that counsel had never discovered any requests for admission of facts in the pleadings which the plaintiff had mailed him. The plaintiff also filed a response to the request for admissions which response denied all the requests for admissions which were material to the issues.

On January 19, 1979, the matter came on for a hearing on the motion to withdraw and the motion for summary judgment. At that time the court permitted the affidavit of David W. Porter on behalf of the defendants who stated that he had served responsive pleadings and request for admissions of fact upon counsel for the plaintiffs on September 26, 1978 in a single mailing. At that time also, over the objection of plaintiff's counsel, the court admitted into evidence the pleadings in the prior suit. At the close of the hearing the trial judge entered an order which recited: "It is apparent to the court from the foregoing facts, pleadings and evidence presented in this case, and the arguments of counsel, that plaintiff has been dilatory and non-responsive to the legitimate discovery efforts of the defendants, in that plaintiff has failed to respond timely to the defendant's Request For Admissions Of Fact in this suit. Plaintiff has failed to show any reason for this failure to respond, and has thus failed to carry his burden as movant on his Motion To Withdraw Admissions. Further, defendant has shown that under these circumstances he would be prejudiced if this Motion To Withdraw Admissions were allowed." The trial judge denied the plaintiff's motion to withdraw the admissions and granted the defendants' motion for summary judgment and entered judgment in favor of the defendants jointly in the amount of $6,000 on their counterclaims. Appeal was taken from that order.

The plaintiff's enumeration of errors filed in this court are based on the following grounds: (1) the trial court erred in denying the plaintiff's motion to withdraw admissions and granting the defendants' motions for summary judgment; (2) the trial court abused its discretion by denying the plaintiff's motion to withdraw the admissions; (3) the trial court erred by using an improper legal standard to deny the plaintiff's motion to withdraw admissions. *Held:*

We have held that where a party failed to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party was entitled to a grant of its motion for summary judgment. *Walker Enterprises, Inc. v. Mullis,* 124 Ga. App. 305 (183 SE2d 534); *Crider v. Pepsi Cola Bottlers,* 142 Ga. App. 304

(235 SE2d 683). In order to prevent this, a party must file a motion to withdraw or amend the admission. CPA § 36 (b) (Code Ann. § 81A-136 (b); Ga. L. 1966, pp. 609, 648; as amended Ga. L. 1972, pp. 510, 528) provides: "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Subject to the provisions of section 16 [Code Ann. § 81A-116] governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and *the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.*" (Emphasis supplied.)

All the cases have emphasized that in making a determination in this area the trial judge has a broad discretion. In *Coolik v. Hawk,* 133 Ga. App. 626, 628 (212 SE2d 7) we pointed out "that the ultimate purpose of litigation is to see the controversies are decided on their merits, and that the purpose of the rules of law is to promote justice rather than reward technical proficiency."

In *Nat. Bank of Ga. v. Merritt,* 130 Ga. App. 85 (1) (202 SE2d 193) quoting from Wright & Miller, Federal Practice and Procedure: Civil § 2257, p. 719, this court observed that the test stated under CPA § 36 (b) is tailored more precisely to the purposes of that section generally and that an admission which would otherwise result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the requesting party.

Under Federal Rule 36 (b) the party opposing the motion to withdraw has the burden of establishing that the withdrawal or amendment to the answers will prejudice him in maintaining his action or defense on the merits. 4A Moore's Federal Practice §§ 36.08, 36-78, Note 8.

The Supreme Court has recently reversed this court's decision in *Cielock v. Munn,* 150 Ga. App. 869 (258 SE2d 686) and disapproved *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (213 SE2d 27) (1975). See *Cielock v. Munn,* 244

Ga. 810 (1979). The Supreme Court held that an applicant in a motion to withdraw admissions is not required to show "providential cause" or "excusable neglect." Instead the trial court should follow the language of CPA § 36 (b) (Code Ann. § 81A-136 (b)) in making its determination.

The allowance of the motion to withdraw should be decided based on "whether 'the presentation of the merits of the action will be subserved thereby' and whether the respondent can 'satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits.'" *Cielock v. Munn,* 244 Ga. 810, 812, supra. Furthermore, this court has held that depriving a party of a judgment by default "is not the kind of prejudice envisioned by the Act." *A & D Barrel &c. Co. v. Fuqua,* 132 Ga. App. 827, 833 (209 SE2d 272).

In the case sub judice the trial judge erred in holding that "Plaintiff has failed to show any reason for this failure to respond, and has thus failed to carry his burden as movant on his Motion To Withdraw Admissions." There was no burden on the plaintiff to show "excusable neglect" or "providential cause." Moreover, there is nothing to show that defendants would be prejudiced by the withdrawal of admissions save that they would lose a judgment obtained in effect by default which, as we have previously pointed out, is not a valid basis to establish prejudice.

Under that which was held in the *Cielock* case, we are constrained to hold that the judgment must be reversed and the case remanded for consideration of the motion to withdraw predicated on the applicable principles of law involved.

*Judgment reversed and case remanded. Smith and Birdsong, JJ., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 30, 1980.

*Jerrold W. Hester, Gerald B. Kline,* for appellant.
*David W. Porter, Ronald W. Rogers, E. Hearst Roane, Jr.,* for appellees.