## 60849. DAVENPORT v. SMITH.

SOGNIER, Judge.

Appellee Smith filed suit for return of his automobile and for damages resulting from appellant Davenport's refusal to return the automobile to appellee. Appellant filed an answer and counterclaim. On January 26, 1979 the trial court ordered Davenport to return Smith's automobile to him. On February 9, 1979 appellant's counsel withdrew from the case, and on February 23, 1979 appellee served interrogatories and a request for admissions on appellant. Appellant failed to respond to the interrogatories and request for admissions, and made no objection thereto. On December 20, 1979 Smith filed a motion for partial summary judgment; Davenport apparently reemployed his original counsel, who filed a motion to withdraw or

amend his answers to appellee's request for admissions. After a hearing, and after consideration of briefs submitted by both parties, the trial court granted partial summary judgment to appellee; ruled that all matters requested to be admitted stood admitted; dismissed appellant's counterclaim; ruled that plaintiff was entitled to $3,107.37 as liquidated damages; and ruled that the matter of attorney fees and punitive damages was a jury issue. Appellant filed this appeal and enumerates as error the trial court's holding that the matters contained in the request for admissions stood admitted as a matter of law in the absence of a showing of prejudice by appellee in the maintenance of his action on the merits. We affirm.

Under the provisions of Code Ann. § 81A-136 (a), the matter contained in a request for admissions is admitted unless the party served with the request files a written answer or objection to the request within 30 days after service of the request. The court may permit withdrawal or amendment of the admission when the presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits. Code Ann. § 81A-136 (b); *Cielock v. Munn,* 244 Ga. 810, 811 (262 SE2d 114) (1979). There is no transcript of the hearing on the motion for summary judgment and the motion for withdrawal or amendment of the admission. In the absence of a transcript, we must assume that appellee made the proper showing that his case would be prejudiced by granting the motion to withdraw or amend the admission, for there is a presumption that a trial judge performed faithfully and lawfully the duties devolving upon him by law, and enumerations of error dependent upon consideration of evidence heard by a trial court will, absent a transcript, be affirmed. *Curry v. State,* 148 Ga. 59 (251 SE2d 86) (1978). Further, this court has held that whether to allow responses to a request for admissions after the statutory time for filing has passed is within the discretion of the trial judge, "and his decision will not be interfered with unless it clearly appears that this discretion has been abused." *Peppers v. Siefferman,* 153 Ga. App. 206, 207 (2) (265 SE2d 26) (1980). We find no abuse of discretion in this case and accordingly, the enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1981 —
REHEARING DENIED MARCH 12, 1981 — 

*Vernon J. Neely,* for appellant.

*Duncan. D. Wheale,* for appellee.