38207. WHITEMARSH CONTRACTORS, INC. v. WELLS et al.

JORDAN, Chief Justice.

At issue are the tests which should have been applied by the trial court in considering whether or not to grant the defendant Wells' motion to withdraw admissions resulting by law from his failure to respond to Whitemarsh's requests for admissions.

The unanswered requests served by Whitemarsh upon Wells

called upon Wells to admit his receipt of certain checks, and to admit the preparation and accuracy of an accounting allegedly furnished to Whitemarsh by Wells' in-house accountant.

Whitemarsh had sued Wells for an overpayment on an account for building materials. Whitemarsh, as plaintiff, therefore had the burden of proving the fact and amount of overpayment, a burden it would have assumed by proving the amount actually owed versus the amount actually paid, the checks and the accounting to which the requests for admissions pertained being the cornerstones upon which this proof would have been laid.

The trial court denied the motion to withdraw the admissions, holding that Wells as movant only perfunctorily had satisfied the first prong[1] of the two-prong test set forth in *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114) (1979), because Wells had failed to show that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay.

The Court of Appeals reversed, holding, in essence, that the test utilized by the trial court came from the special concurring opinion of Justice (now Presiding Justice) Hill in *Cielock v. Munn,* supra, rather than from the majority opinion in that case, and, accordingly, that the test should not have been employed by the trial court while considering the motion to withdraw. *Wells v. Whitemarsh Contractors, Inc.,* 160 Ga. App. 176 (286 SE2d 572) (1981).

We reversed the judgment of the Court of Appeals and reinstate the judgment of the trial court for the reasons given by the trial court.

The tests recognized in the majority and special concurring opinions in *Cielock v. Munn,* supra, are not in conflict. The majority opinion in *Cielock* held that the "providential cause" requirements of former Code Ann. § 81A-136 (a) (Ga. L. 1966, pp. 648, 649) had been supplanted by the reenacted provisions of Code Ann. § 81A-136 (b) (Ga. L. 1972, pp. 510, 528), authorizing the trial court to "permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." To decide the issue presented, the majority opinion in *Cielock* needed to go no further.

---

[1] "... when the presentation of the merits of the action will be subserved thereby...." 244 Ga. at 811.

The special concurring opinion in *Cielock* merely ventured outside the narrow *ratio decidendi* into an expansive field of *obiter dictum,* and expressed sensible views which we now choose to adopt in a case in which the issues are squarely presented for decision. *Judgment reversed. All the Justices concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Laurie K. Abbott, Anthony H. Abbott,* for appellant.
*John T. Woodall,* for appellees.