63210. TAYLOR v. CAMERON & BARKLEY COMPANY.

McMURRAY, Presiding Judge.

This case involves an action on open account for materials delivered by the plaintiff to a restaurant in a shopping center for the defendant. The original amount sought was $24,045.52. The defendant answered the complaint admitting jurisdiction, some indebtedness which was due, but denied the amount claimed. By amendment the sum was reduced to $23,741.23, and the defendant was requested to admit that this (the reduced sum) was the true and correct amount of the open account due for the materials billed the defendant, the same being "of acceptable quality and were used by the Defendant." The request for admissions was filed on March 26, 1981.

On May 26, 1981 (served the same date), the defendant, having failed to answer the request for admissions, the plaintiff moved for judgment in the amount of $23,741.23, same being filed on May 29, 1981, contending that the defendant had failed to answer the request for admissions thereby admitting same and it was entitled to judgment in that amount, styling same a motion for judgment on the pleadings. On May 27, 1981, the defendant answered the request for admissions denying the amount due but made no request or motion that the result of his failure to answer (the same being a tacit admission of indebtedness in that amount) be withdrawn under Code Ann. § 81A-136 (b) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528). Thereafter on July 13, 1981, the trial court in a final order entered judgment for the plaintiff in the amount of $23,741.23 holding that defendant having failed to answer the request for admissions on time under the Civil Practice Act this was a tacit admission as to the items in plaintiff's request to admit thereby approving the indebtedness in that amount, there being no motion filed by defendant to withdraw said admissions. The defendant appeals. *Held:*

While the plaintiff's motion was styled one for judgment on the pleadings, it is clear from the substance thereof that it was based on the admissions in failing to answer the request for admissions, and the court so considered same by stating in its order that after review of the entire record "there is no issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law." The failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. § 81A-136 (b), supra, hence, the record discloses the admission of the amount of the open account to be true even though the defendant attempted to answer the request by filing a response thereto denying same but failed to request the trial court to permit withdrawal of his admissions in order that the "presentation of the merits of the action [would] be subserved thereby." See Code Ann. § 81A-136 (b) supra. See also *National Bank of Ga. v. Merritt,* 130 Ga. App. 85, 87 (1) (202 SE2d 193); *Porter v. Murlas Bros. Commodities, Inc.,* 134 Ga. App. 96, 97 (1) (213 SE2d 190); *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 540 (224 SE2d 504); *ETI Corp. v. Hammett,* 140 Ga. App. 618 (231 SE2d 545); *Post-Tensioned Const., Inc. v. VSL Corp.,* 143 Ga. App. 148, 151 (8) (237 SE2d 618). See also in this connection *Cielock v. Munn,* 244 Ga. 810, 811 (262 SE2d 114) and *Whitemarsh Contractors, Inc. v. Wells,* 249 Ga. 194 (288 SE2d 198) (1982), as to the proper procedure which should have been followed by the defendant in this instance.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MARCH 19, 1982.

*Henry R. Bauer, Jr., Thomas E. Raines,* for appellant.
*J. Ed Seagraves, Finn Duerr,* for appellee.