## 63484. WEST v. MILNER ENTERPRISES, INC.

Pope, Judge.

Appellee Milner Enterprises, Inc. brought suit on November 3, 1980 against appellant West claiming damages owed under certain alleged oral agreements to reimburse appellee for expenses incurred in connection with several construction projects. Appellant's answer denied the allegations of the complaint. Appellee's request for admissions, filed February 16, 1981 received no response and on April 7, 1981 appellee moved for summary judgment. When appellee's counsel learned that counsel for appellant had not received the request, he agreed to remove the motion from the calendar. Meanwhile, appellant's original attorney had associated another attorney, and on June 10, 1981 an associate of the new counsel was personally served with a copy of appellee's request for admissions. On July 21, 1981, when it had again received no response to its request, appellee filed a second motion for summary judgment on the ground that appellant's failure to answer constituted admissions sufficient to justify an award of summary judgment. Appellant filed a "motion for permission to file late responses" on August 5, 1981, along with the proposed late responses.

After hearing argument on both motions on September 8, 1981, the trial court denied appellant's motion and granted summary judgment for appellee based upon the pleadings and affidavits contained in the record. Appellant appeals.

"Under the provisions of Code Ann. § 81A-136(a), the matter contained in a request for admissions is admitted unless the party served with the request files a written answer or objection to the request within 30 days after service of the request." *Davenport v. Smith,* 157 Ga. App. 870, 871 (278 SE2d 691) (1981). Further, "where a party failed to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party was entitled to a grant of its motion for summary judgment." *Moore Ventures Ltd. Partnership v. Stack,* 153 Ga. App. 215, 217 (264 SE2d 725) (1980); *Crider v. Pepsi Cola Bottlers,* 142 Ga. App. 304 (2) (235 SE2d 683) (1977); *Walker Enterprises, Inc. v. Mullis,* 124 Ga. App. 305 (2) (183 SE2d 534) (1971). To avoid the conclusive establishment of the matters contained in a request for admissions, the party who has failed to answer or to object to a request for admissions within the statutory period must move the court for withdrawal or amendment of the admissions in accordance with Code Ann. § 81A-136 (b). "The court may permit withdrawal or amendment of the admission *when the presentation of the merits of the action will be subserved thereby,* and the party who obtained the admission fails to satisfy the court

that withdrawal or amendment will prejudice him in maintaining his action on the merits. Code Ann. § 81A-136 (b)." (Emphasis supplied). *Davenport v. Smith,* supra at 871.

In *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114) (1979), the trial court denied a motion to withdraw admissions established by a request for admissions to which no timely response was made. This motion was denied based upon the movant's failure to show "providential cause" or "excusable neglect." The Supreme Court reversed, holding that the two-pronged language of Code Ann. § 81A-136 (b) is that standard upon which a decision on a motion for withdrawal or amendment of admissions must be based.

In the case sub judice, there is no transcript of the trial court proceeding. However, the order denying appellant's "motion for permission to file late responses"[1] entered by the trial judge at the close of the hearing recited in pertinent part: "Defendant has failed to show good cause for his failure to timely respond to Plaintiff's Request for Admissions, and to allow Defendant to file late answers to Plaintiff's Request for Admissions would be prejudicial to Plaintiff. . . ."

Although the trial court applied the second prong of the *Cielock* standard by finding that granting appellant's motion would result in prejudice to appellee, the court's finding that appellant "failed to show good cause for his failure to timely respond" is insufficient to satisfy the first prong. Therefore, the judgment must be reversed and the case remanded for reconsideration of appellant's motion to withdraw the admissions on the basis of whether "the presentation of the merits of the action will be subserved thereby."

*Judgment reversed with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 22, 1982.

*Howard E. Cook,* for appellant.
*Joseph C. Parker,* for appellee.

---

[1] Although appellant's motion was captioned improperly as a "motion for permission to file late responses," it was treated in the trial court as a motion to withdraw admissions pursuant to Code Ann. § 81A-136 (b) for purposes of relieving appellant of the binding effect of the admissions.