## 44509. HAMRICK v. GREENWAY.
(357 SE2d 580)

GREGORY, Justice.

The widow of C. C. Hamrick brought a declaratory judgment action in the superior court of Gordon County challenging the validity of a deed executed by Mr. Hamrick to Margaret L. Greenway, his step-daughter. The jury returned a verdict for Mrs. Greenway. The widow, Lonida Hamrick, now appeals. We affirm.

On January 8, 1977, C. C. Hamrick executed a deed conveying certain real property to his step-daughter, Margaret L. Greenway. He reserved a joint life estate in favor of himself and his wife. The document was not delivered or recorded at the time of its execution. The jury was authorized to find, however, that the deed was properly delivered during a meeting between the grantor and grantee approximately two or three weeks later.

According to Mrs. Greenway, C. C. Hamrick gave her the deed during this meeting, stating "I told you when you gave it (the prop-

erty) to me that I'd give it back to you before I died." Mrs. Greenway further testified that, after reading the deed, she "accepted it as it was" and returned it to Mr. Hamrick asking him to give it to one of his sisters to hold for her. He did so by giving the deed to Agnes Searcy, his sister, and instructing her not to give it to Mrs. Greenway until after his death.

C. C. Hamrick died on March 20, 1985. That evening, Agnes Searcy gave the unrecorded deed to Mrs. Greenway, who recorded it the next day. Mrs. Hamrick then filed a declaratory judgment action challenging the validity of the deed on the basis that it was testamentary and had not been properly delivered. A jury trial resulted in a judgment in favor of Mrs. Greenway. Appellant raises several enumerations of error.

1. On April 29, 1986, appellant served on the appellee a request for admissions in accordance with OCGA § 9-11-36. Mrs. Greenway did not respond to the request within the statutory period and the requested matters were deemed admitted. On July 16, 1986, she filed a motion to withdraw the admissions. In her affidavit, she stated that she had been under the care of a physician during the time the answers were to be filed and that she had not been represented by counsel during that time.

The widow contends that the trial court erred by granting appellee's motion to withdraw the admissions. We do not agree. OCGA § 9-11-36 (b) provides that the court, on motion, may "permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." The trial court found the elements of this statute present in the circumstances and we hold there was no abuse of discretion. *Whitemarsh Contractors, Inc. v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982); *Davenport v. Smith*, 157 Ga. App. 870 (278 SE2d 691) (1981).

2. Mrs. Hamrick alleges that the trial court erred by denying her motions for summary judgment. It is well settled that "[w]here a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment." *Drillers Service, Inc. v. Moody*, 242 Ga. 123 (249 SE2d 607) (1978).

3. Mrs. Hamrick contends that the trial court erred by allowing Mrs. Greenway to testify that Mr. Hamrick, at the time of delivery, said "I told you when you gave it to me that I'd give it back to you before I died." Mrs. Hamrick argues that this statement is inadmissible hearsay not within any exception. OCGA § 24-3-8 provides that "[t]he declarations and entries by a person, since deceased, against

his interest, and not made with a view to pending litigation, shall be admissible in any case." We find that the statement complained of falls squarely within this code section. *Freeman v. Saxton*, 240 Ga. 309 (240 SE2d 708) (1977). See McCormick, Evidence 3rd, § 277, p. 821 (1984).

4. Appellant also argues that the trial court committed reversible error by allowing Mrs. Greenway to testify that, after having read the deed, she asked Mr. Hamrick to give it to one of his sisters to keep. The objection made at trial was that the statement was "self-serving." But most testimony a party offers is likely to be self-serving. That is no ground to exclude evidence. If an objection based on hearsay was intended, it was not made.

5. Finally, Mrs. Hamrick contends that the trial court committed reversible error by allowing appellee's counsel to repeatedly refer to C. C. Hamrick as appellee's "Daddy" or "Dad." Appellant refers to four pages in the transcript where this was done. The transcript shows that no objection was made at trial and we decline to review the alleged error.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1987.

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Chance, Maddox & Smith, David K. Smith,* for appellee.

