A92A1378. ATLANTA CASUALTY COMPANY v. GOODWIN.

(422 SE2d 76)

CARLEY, Presiding Judge.

Appellant-plaintiff filed suit, seeking to recover a sum that it had paid appellee-defendant pursuant to an allegedly fraudulent no-fault insurance claim. Appellant attached to its complaint requests for admission by appellee. Included among appellant's requests was an admission that appellee "is liable to [appellant] for $3,472.58, the total PIP benefits received by [her] from [appellant], as a result of the . . . fraudulent claim." Appellee filed a timely pro se answer, but she failed to file either a timely response to the requests for admission or a request for an extension of time within which to respond. Appellant subsequently moved for summary judgment. The trial court denied appellant's motion, but certified its order for immediate review. Appellant applied to this court for an interlocutory appeal and the instant case results from the grant of that application.

When the time for responding to requests for admission has "expired without answer or objection, then the requests are admitted subject only to the requestee's opportunity under [OCGA § 9-11-36] (b) *on motion* to have his admissions 'withdrawn' if he shows that such action will aid in the presentation of the merits and if the other party fails to show that he will be prejudiced." (Emphasis in original.) *National Bank of Ga. v. Merritt*, 130 Ga. App. 85, 87 (1) (202 SE2d 193) (1973). In the instant case, appellee did file a response to the requests for admission *after* appellant had moved for summary judgment. However, she did not do so pursuant to a motion under OCGA § 9-11-36 (b) to withdraw the admissions which had otherwise resulted from her previous failure to have filed a timely response. OCGA § 9-11-36 (b) "puts the burden on the one who has failed to answer . . . to be bound by the 'admissions,' unless he takes the ini-

tiative and files a motion and succeeds in defeating such admissions. [Cits.] [Appellee] here failed to answer within the proper time and failed to file any motion to have the admissions withdrawn. [She is] therefore bound by the admissions and the trial court erred in allowing the [untimely] answers [to appellant's requests for admission] into the record." *National Bank of Ga. v. Merritt*, supra at 87 (1).

"If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. [Cits.]" *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 407 (1) (283 SE2d 632) (1981). Since appellee did not file a timely response or objections and did not move for an extension or withdrawal, she is deemed to have admitted that she "is liable to [appellant] for $3,472.58, the total PIP benefits received by [her] from [appellant], as a result of the . . . fraudulent claim." It follows that the trial court erred in denying appellant's motion for summary judgment. " '[W]here a party failed to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party was entitled to a grant of its motion for summary judgment.' [Cits.]" *West v. Milner Enterprises*, 162 Ga. App. 667 (292 SE2d 538) (1982).

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Simpson & Gray, Joseph I. Carter*, for appellant.
Linnie C. Goodwin, *pro se*.