A06A0570. SAYERS et al. v. ARTISTIC KITCHEN DESIGN, LLC et al.
(633 SE2d 619)

PHIPPS, Judge.

Timothy and Melissa Sayers and Robert and Valerie Landau created Artistic Kitchen Design, LLC (AKD), a limited liability company. The Sayerses each owned 30 percent of AKD, while the Landaus each owned 20 percent. Six years after AKD's formation, AKD and the Landaus sued the Sayerses for reorganization and other relief, alleging that they had made personal charges to AKD's business accounts and converted company property to their personal use, resulting in damages to AKD. The trial court granted the Landaus an interlocutory injunction and later awarded them summary judgment.

The Sayerses appeal, arguing that the Landaus lacked standing to seek AKD's reorganization and that the trial court erred by, among other things, failing to permit them to withdraw discovery admissions. We reject the Sayerses' standing argument, but we hold that the trial court applied the wrong legal standard in refusing to allow them to withdraw their admissions. We therefore reverse and remand for the court to reconsider the request for withdrawal under the appropriate standard.

1. We first address the Sayerses' standing argument.

In Count 1 of their complaint, the Landaus sought "reorganization of AKD in such a manner so as to divest [the Sayerses] of all membership units, rights and authority to act on behalf of AKD in any manner whatsoever." They cited OCGA § 14-11-601.1, which is part of the Georgia Limited Liability Company Act[1] and which is titled "Events resulting in cessation of membership." Subsection (b) (5) of that Code section provides, in relevant part, that a person ceases to be a member of a limited liability company upon the occurrence of the following event:

---

[1] OCGA § 14-11-100 et seq.

> Subject to contrary provision in the articles of organization or a written operating agreement, or written consent of all other members at the time, if within 120 days after the commencement of any proceeding against the member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation, the proceeding has not been dismissed. . . .[2]

That section, in other words, establishes a default rule that if a proceeding for reorganization is brought against a member and is not dismissed within 120 days, then the member is disassociated from the company.[3]

The Sayerses' standing argument rests on OCGA § 14-11-601.1 (b) (4) (D), which establishes a default rule that a person ceases to be a member of a limited liability company when "the member . . . files a petition or answer seeking *for the member* any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation."[4] According to the Sayerses, when the Landaus filed their complaint seeking reorganization of AKD, they themselves ceased to be members of AKD and therefore lacked standing to sue on its behalf.

Because we find no case law interpreting the above Code sections, we rely on well-established rules of statutory construction.

> In construing a legislative act, a court must first look to the literal meaning of the act. If the language is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry. Further, . . . statutory construction must square with common sense and sound reasoning.[5]

"Moreover, language in one part of the statute must be construed in light of the legislature's intent as found in the whole statute."[6]

Applying these rules, we reject the Sayerses' reading of subsection 14-11-601.1 (b) (4) (D). That subsection establishes a default rule

---

[2] OCGA § 14-11-601.1 (b) (5).

[3] Neither side has cited any provision in AKD's Certification of Organization or Operating Agreement that would prohibit or alter application of the provisions of the Georgia Limited Liability Company Act.

[4] (Emphasis supplied.)

[5] *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002) (citations and punctuation omitted).

[6] *Haugen v. Henry County*, 277 Ga. 743, 745 (2) (594 SE2d 324) (2004) (citation and punctuation omitted).

that a member who seeks reorganization "for the member" ceases to be a member of the company. The subsection does not say that a member who seeks reorganization *for a different member* ceases, himself, to be a member of the company. The Landaus sought the disassociation of the Sayerses, not of themselves. Thus, subsection 14-11-601.1 (b) (4) (D) does not apply here. Under the Sayerses' interpretation, one member could never seek the disassociation of another, because the very act of doing so would disassociate the first member. That construction makes no sense, and it fails to harmonize with subsection 14-11-601.1 (b) (5), which plainly contemplates that one member may initiate a proceeding to disassociate another.

2. The Sayerses complain that the trial court should not have granted summary judgment to the Landaus because there were disputed factual issues — primarily, whether the Landaus authorized the Sayerses to take AKD inventory in lieu of receiving a salary. The Landaus maintain that all factual issues were resolved adversely to the Sayerses when they failed to timely respond to requests for admissions. The Sayerses respond, in effect, that the trial court should have allowed them to withdraw their admissions. We conclude that the court applied an improper legal standard in refusing to permit withdrawal.

The Landaus filed their complaint in February 2005. The Sayerses timely answered and counterclaimed. On April 18, the Landaus served the Sayerses with a request for "admissions and genuineness of documents." Among other things, the Landaus asked the Sayerses to admit that all allegations of the complaint were true and that all allegations of the counterclaim were false. On June 23, the Landaus moved for summary judgment, citing the Sayerses' failure to respond to their requests for admissions. On July 1, the Sayerses — with benefit of new counsel — moved to open or extend discovery, for summary judgment, and to set aside the injunction. On July 25, the Sayerses' new counsel served the Landaus with responses to their requests for admissions.

On August 29, the court held a hearing, at which the Landaus argued that they were entitled to summary judgment due to the Sayerses' failure to timely respond to their requests for admissions. The Sayerses' new counsel acknowledged that former counsel had received the requests, but argued that the lateness of the Sayerses' responses should be excused because they had been caring for their son, who was recently diagnosed with epilepsy, and for Timothy Sayers's father, who had recently died of cancer. The Sayerses' counsel also argued that "the law does not favor defaults" and that the Landaus would not be prejudiced by allowing the case to proceed on its merits. When the court asked the Landaus' counsel, "What is the harm[?]" counsel responded, "[T]he harm is that my clients have

abided by the law through this whole process. We've done exactly what we were required to do by law to comply with the discovery laws and rules." The Sayerses' counsel reiterated that in fairness, the court should reach the merits of the case. The court then stated: "I can understand that if your client was distracted, but that still doesn't explain why [the Sayerses' former lawyer] didn't respond. And I've heard no explanation of that." Accordingly, the court granted the Landaus' motion for summary judgment on all counts of their complaint and dismissed the Sayerses' counterclaim.

Under OCGA § 9-11-36 (a) (2), a matter of which an admission is requested is considered admitted unless the party to whom the request was directed denies it or objects within 30 days. Under OCGA § 9-11-36 (b), any matter admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission.

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.[7]

Our Supreme Court has held that a party seeking withdrawal of an admission need not show "providential cause" or "excusable neglect" for failing to answer the requests for admission.[8] Rather, the trial court should consider whether withdrawal would serve the presentation of the merits and whether it would prejudice the party who obtained the admission.[9] "[D]epriving a party of a judgment by default is not the kind of prejudice envisioned by the [Civil Practice] Act."[10] Moreover, "the purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent."[11] We review the trial court's ruling on a motion to withdraw for abuse of discretion.[12]

Although the Sayerses styled their motion as one to open discovery rather than to withdraw admissions, both the content of the motion and counsel's argument at the hearing plainly showed the

---

[7] OCGA § 9-11-36 (b).

[8] *Whitemarsh Contractors v. Wells*, 249 Ga. 194 (288 SE2d 198) (1982); *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979); see also *Rowland v. Tsay*, 213 Ga. App. 679 (1) (445 SE2d 822) (1994).

[9] *Moore Ventures Ltd. Partnership v. Stack*, 153 Ga. App. 215, 219 (264 SE2d 725) (1980).

[10] Id. (citation and punctuation omitted).

[11] *Brankovic v. Snyder*, 259 Ga. App. 579, 583 (578 SE2d 203) (2003) (footnote omitted).

[12] See *Ledford v. Darter*, 260 Ga. App. 585, 587 (580 SE2d 317) (2003).

nature of the relief sought.[13] Accordingly, the trial court should have applied the standard set forth in OCGA § 9-11-36 (b) and considered whether withdrawal would serve the presentation of the merits and whether it would prejudice the Landaus. Instead, the court concluded that summary judgment was proper because the Sayerses had shown no excuse for their former counsel's failure to respond to the Landaus' request for admissions. But the Sayerses were not required to make such a showing. The court's application of the wrong legal standard was an abuse of discretion. We therefore reverse the judgment and remand the case for consideration of the Sayerses' motion under the appropriate standard.[14]

3. In light of our holding in Division 2, we need not consider the Sayerses' remaining arguments.

*Judgment reversed and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JUNE 30, 2006.

*Simmons & Szczecko, Joseph Szczecko,* for appellants.
*Christopher D. Huskins,* for appellees.

---

[13] See *Gulledge v. State,* 276 Ga. 740, 741 (583 SE2d 862) (2003) ("there is no magic in nomenclature and . . . substance controls our consideration of pleadings") (citation omitted).

[14] See *Cielock,* supra; *Moore,* supra.