*772 ELLINGTON, Presiding Judge,
dissenting.
I respectfully dissent.
The record shows that in 2012 the Wyatts requested that a special master be appointed to hear Hizer’s quiet title action. By mail sent on June 5, 2013, at which point the Wyatts had never yet requested a jury, the Wyatts’ attorney served Hizer a notice of hearing, stating that they would bring the action on for hearing before the special master on June 13, 2013; the notice of hearing made no reference to any jury demand. The special master heard the case as scheduled and issued a written report that was filed on October 23, 2013. The report recites that the hearing was scheduled for June 13, 2013, by agreement of the parties and held that day The special master determined that fee simple title should be vested in Hizer as to a disputed lot. The special master noted that the hearing was not transcribed because neither side requested a court reporter. The report makes no mention of any jury demand and makes no mention of any issues being reserved for a jury
Afterward, Hizer requested that the special master’s findings of fact and conclusions of law be made the order of the superior court. The Wyatts filed a written “Objection to Special Master Report and Request for a Jury Trial,” contending that a jury is necessary to determine the correct placement of the boundary between their lot and Hizer’s lot. They averred that, “[pjrior to the beginning of the hearing by the Special Master,” they “filed a demand for jury trial of any question of fact[,]”[4] and that the boundary issue “is now reserved for jury determination.” (Emphasis in original.) Hizer countered that the Wyatts failed to show that they filed their jury demand prior to the hearing before the special master.
At the hearing on the Wyatts’ objection, the trial court received two contradictory affidavits executed by the clerk of court. In the first affidavit, the clerk deposed that the Wyatts filed their jury demand prior to the special master hearing. In the second affidavit, the clerk deposed that he had no personal knowledge of whether the jury *773 demand was filed before the hearing and that no official record in his office would reflect that it was filed before the hearing. At the hearing, the Wyatts’ attorney stated in his place that the jury demand was filed in the clerk’s office prior to the hearing. But the attorney also stated:
I think that. . . you have to look carefully in the words that [Hizer’s attorneys] are using. They had a copy of the demand for trial. Special Master had a copy of demand for trial prior to the hearing; he actually put his copy in the file. The issue for [Hizer’s attorneys] is, is whether or not [the clerk of court] stamped it “filed” at the courthouse and filed it prior to the hearing. I think that’s a bit much in this case.
The trial court could have reasonably construed this statement as an admission that the Wyatts served copies at the hearing, but only filed the jury demand in the clerk’s office later that day, and an argument that the timing of the filing was irrelevant.
After hearing this inconclusive and somewhat conflicting evidence, and without the benefit of a transcript of the special master hearing, and subject to the resulting presumption that the special master’s conduct of the hearing was lawful,[5] the trial court sitting as a trier of fact found that the Wyatts’ jury demand was not effective, that is, actually filed with the clerk of court prior to the special master hearing. In the absence of evidence conclusively establishing the contrary, I would defer to the trial court’s finding of fact in this regard. Moreover, even if the Wyatts did in fact file their jury demand in the clerk’s office before the hearing, the special master’s report shows that they participated in the hearing and offered evidence in support of their position. In the absence of a transcript of the hearing, it cannot be determined whether they acquiesced in or objected to the special master’s exercise of jurisdiction or whether they took or failed to take appropriate action to preserve for appellate review any error in not reserving issues for the jury. For these reasons, I conclude that the Wyatts failed to carry their burden on appeal of showing error by the record, and I would affirm. See Smith v. Chemtura Corp., 297 Ga. App. 287, 293 (5) (676 SE2d 756) (2009) (“It is well established that the burden is on the party alleging error to show it by the record and *774 that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm.”) (punctuation and footnote omitted).
Decided July 7, 2016.
Palmour Law Firm, Albert C. Palmour, Jr., Melissa G. Hise, for appellants.
Cook & Connelly, Bobby Lee Cook, Edward F. Hurley, for appellee.
I am authorized to state that Presiding Judge Phipps and Judge Mercier join in this dissent.

 See OCGA § 23-3-66, which provides:
Upon reasonable notice to the parties, after proof of serving notice as required by this article has been filed and after the appointment of the disinterested person as representative where required, the special master shall have complete jurisdiction within the scope of the pleadings to ascertain and determine the validity, nature, or extent of petitioner’s title and all other interests in the land, or any part thereof, which may be adverse to the title claimed by the petitioner, or to remove any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge of the court; provided, however, any party to this proceeding may demand a trial by a jury of any question of fact; provided, further, that the master on his own initiative may require a trial by a jury of any question of fact.

 Davenport v. Smith, 157 Ga. App. 870, 871 (278 SE2d 691) (1981) (“In the absence of a transcript, we must assume that” a party made any showing required for the relief requested, “for there is a presumption that a trial judge performed faithfully and lawfully the duties devolving upon him by law, and enumerations of error dependent upon consideration of evidence heard by a trial court will, absent a transcript, be affirmed.”) (citation omitted).