## 59570. YOUNG et al. v. BROWN et al.

McMurray, Presiding Judge.

This is a suit against a building contractor (D. Edward Young, individually, and a corporation with the name D. Edward Young Construction, Inc.) in which the plaintiffs allege they contracted with the defendants for the construction of a private dwelling with an individual or private system of sewage disposal in which they contend the sewerage system was defective, which defective condition was fraudulently concealed from them by the defendants. Plaintiffs sought damages incurred in the amount of $923 (actual damage) up to the date of the filing of their complaint and other damages sufficient to correct the defective condition complained of, and for depreciation of the market value of the property, plus $10,000 punitive damages, interest and attorney fees. The defendants answered, admitting only jurisdiction and otherwise denying the claim albeit same was not answered in 30 days requiring the payment of costs to open the default which was paid promptly in this case.

Plaintiffs had filed a request for admissions which was served on the defendants with the original complaint. Defendants did not file any response, objection, or motion to plaintiffs' request for admissions within the time allowed by law. However, at a later date, plaintiffs realized that the request for admissions had not been answered and immediately filed a motion to permit the filing of late answers to the request for admissions and to withdraw the admissions resulting from the failure to file a timely response to plaintiffs' request. Thereafter an affidavit in support of the late filing was filed.

Plaintiffs then filed a motion for summary judgment that there was no genuine issue as to any material fact and that plaintiffs were entitled to judgment as a matter of law inasmuch as the request for admissions, unanswered, resulted in an admission by the defendants of neglect, fraudulent concealment, fraudulent inducement and breach of implied warranty resulting in damage to the plaintiffs in the amount of $923; $5,000 for the replacement cost of the defective sewerage system and $10,000 for the depreciation in the market value of plaintiffs' home. Defendants filed an affidavit in opposition to this motion for summary judgment.

Defendants' motion to withdraw admissions and to allow responses to plaintiffs' requests for admissions was heard based on the entire record, and the trial court determined that the defendants had failed to show "providential cause or excusable neglect which would justify withdrawal of their admissions, and

that the Plaintiffs would be prejudiced in maintaining their action on the merits if withdrawal was allowed." Defendants' motion was denied.

Plaintiffs' motion for summary judgment, again based on the entire record, was heard and granted, the court holding that "there is no genuine issue as to any material fact as to the Defendants' liability." Judgment was granted as a matter of law on the issue of liability. The defendants appeal. *Held:*

1. As the trial court would be required to treat the matters covered by the request for admissions as admitted and pass upon the plaintiffs' subsequently filed motion for summary judgment upon the basis that the facts set forth in the request are true without the withdrawal of the admissions, a judgment would be demanded for the plaintiffs. *Moore v. Hanson,* 224 Ga. 482, 483 (4) (162 SE2d 429); *Strickland v. Citizens &c. Nat. Bank,* 137 Ga. App. 538, 541 (3) (224 SE2d 504); *ETI v. Hammett,* 140 Ga. App. 618 (231 SE2d 545); *Bramblett v. Whitfield Finance Co.,* 143 Ga. App. 853 (240 SE2d 230). Consequently the entire case turns upon whether or not the trial court erred in its ancillary ruling on the motion denying defendants the right to withdraw the admissions to which error is also enumerated.

2. Under Code Ann. § 81A-136 (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235) prior to the reenactment in 1972 of this Code section (Ga. L. 1972, pp. 510, 528) the trial court's ruling as to "providential cause and excusable neglect" would have been correct. However, the latter law (Ga. L. 1972, pp. 510, 528) allowed the trial court to permit withdrawal or amendment "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." In the recent case of *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114), the Supreme Court reversed the Court of Appeals which had rendered an opinion affirming a denial of permission to withdraw admissions because the defendant therein had not shown "providential cause" for failing to answer a request for admissions. This opinion by the Court of Appeals was based upon *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (213 SE2d 27). The Supreme Court in its opinion disapproved of the *Osceola Inns v. State Hwy. Dept.* case and reversed the judgment of the Court of Appeals remanding the case for reconsideration of the motion to withdraw the admissions on the basis of whether " 'the presentation of the merits of the action will be subserved thereby' " and whether the respondent to the motion can " 'satisfy the court that withdrawal or amendment will prejudice him in maintaining

his action on the merits.'" The record or transcript of the hearing as to this motion shows only argument presented by both parties. Consequently, evidence must be presented and considered by the trial court as to whether the merits of the action "will be subserved" by the allowance of the defendants to withdraw the admissions and whether the plaintiffs will be prejudiced by a withdrawal in maintaining their action on the merits. Here the trial court ruled "that the plaintiffs would be prejudiced in maintaining their action on the merits if withdrawal was allowed." Unfortunately, the plaintiffs failed to present any evidence at this hearing as to how they would be prejudiced in maintaining their action on the merits if withdrawal was allowed. Therefore, the ruling in *Cielock v. Munn,* 244 Ga. 810, 812, supra, requires a reversal of this case for the presentation of evidence and consideration thereof by the trial court.

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED MARCH 11, 1980 — DECIDED APRIL 11, 1980 — REHEARING DENIED APRIL 29, 1980.

*Glover McGhee, James M. Poe,* for appellants.
*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellees.