## 60089. ALEXANDER v. H. S. I. MANAGEMENT, INC.

DEEN, Chief Judge.
The appellee rental management corporation sued Alexander for back rent, cleaning costs, and damage allegedly done to the apartment during the defendant's stay there. She filed a *pro se* answer to the action denying indebtedness. An affidavit for the plaintiff swears that the defendant was mailed an envelope containing both interrogatories and requests for admission. An affidavit for the defendant swears that the envelope contained only interrogatories. These were turned over to the attorney subsequently employed.

No answers having been filed to the requests for admission, plaintiff moved for summary judgment, and the defendant moved to permit withdrawal of the default admissions and a late filing of answers to the requests, which answers denied liability for rent, cleaning costs, and damages. The court denied the defendant's motions and granted summary judgment to the plaintiff. *Held:*

We reverse. In *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114) (1979), the Supreme Court reversed a decision of the Court of Appeals which had affirmed a judgment of the trial court in which, as in this case, the plaintiff filed requests for admission against the defendant; the defendant, without benefit of counsel, failed to answer; the plaintiff moved to withdraw the default resulting from failure to answer the requests and tendered answers denying the matters requested to be admitted, and the trial court thereafter declined to open the default and granted the plaintiff's motion for summary judgment.

*Cielock* was followed by *Moore Ventures Ltd. Partnership v. Stack,* 153 Ga. App. 215 (264 SE2d 725) (1980), which held that the allowance of a motion to withdraw the admissions resulting from the failure to answer the requests should be decided by a determination of whether the preservation of the merits of the action would be subserved thereby. Upon a determination that such will be the case

the burden shifts to the opposite party to satisfy the court that depriving him of the resulting default judgment will prejudice him in maintaining his action on the merits. "Furthermore, this court has held that depriving a party of a judgment by default 'is not the kind of prejudice envisioned by the Act.' " Id. p. 219. In *Moore,* etc. as here it appears by affidavit that the plaintiff's attorney mailed out interrogatories and requests for admission in the same envelope, and the recipient denied that anything except the interrogatories was in the envelope on arrival. In both cases the defendant was acting without benefit of counsel, and in both cases the plaintiff failed to establish that any prejudice would result aside from that naturally occurring by being forced to try the case on its merits instead of receiving a default judgment. To the same effect see *Young v. Brown,* 154 Ga. App. 452 (1980).

The trial judge in the present case made an affirmative finding that the plaintiff would be prejudiced by opening the default, based on two findings of fact. First, he asked defendant's counsel whether the withdrawal of admissions would not prejudice the plaintiff "since the admissions clearly covered the merits of the entire case" and counsel supposed this was true. Secondly, he asked defendant's counsel whether the latter had checked the clerk's office to determine what had been filed, and counsel replied in the negative. As to the first question, any party is certainly "prejudiced" by being forced to try a case rather than take a default, but he is not prejudiced *in trying the merits of the case,* which is the question at issue. As to the second, astute counsel, on receiving pleadings from a tardy client, might want to check either with the clerk's office or with opposing counsel, but his failure to do so will not carry the opposite party's burden for him of showing how such failure hurt his presentation of his case on the merits.

It is clear that there are issues open for jury determination, including the amount of the damages claimed in the original petition, each item of which is denied by the defendant. It was error to deny the defendant's motion to open the default and to grant the plaintiff's motion for summary judgment.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED JUNE 4, 1980 — DECIDED JUNE 27, 1980.

*John S. Graettinger, Jr.,* for appellant.
*Sam Johnson,* for appellee.