60691. CITY OF ATLANTA et al. v. STATE FARM FIRE & CASUALTY COMPANY et al.

QUILLIAN, Presiding Judge.

The defendant City of Atlanta appeals from an order granting the plaintiff partial summary judgment as to liability. *Held:*

1. The defendant contends that the trial judge erroneously denied its motion to allow a late response to plaintiff's request for admissions. It is argued that the plaintiff as the party opposing the motion failed to satisfy the court that withdrawal of the admission will prejudice it in maintaining an action on the merits.

In *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114) the Supreme Court held that, under the provisions of CPA § 36 (Code Ann. § 81A-136; Ga. L. 1966, pp. 609, 648, as amended through Ga. L. 1972, pp. 510, 528) the allowance of a motion to withdraw the admissions resulting from the failure to answer the requests should be decided by a determination of whether the preservation of the merits of the action would be subserved thereby "and whether the respondent can 'satisfy the court that withdrawal or amendment will prejudice him to maintaining his action on the merits.' " Accord, *Moore &c. Partnership v. Stack,* 153 Ga. App. 215, 219 (264 SE2d 725); *Young v. Brown,* 154 Ga. App. 452 (268 SE2d 729); *Alexander v. H. S. I. Management, Inc.,* 155 Ga. App. 116 (270 SE2d 325).

This is therefore essentially a 2-prong test both of which must be met although the burden is on the respondent as to the second prong. In the case sub judice the trial judge's order did not make a specific finding as to either segment but cited "after consideration of all the pleadings and the record," that the request was denied.

The record reveals that the defendant filed its proposed answers to the requested admissions. Of the 11 requests the defendant expressly denied only one. Eight were admitted and two were admitted with qualifying language. The single denial was not as to a

material issue. Thus, from the record it does not appear that the answers must be allowed in order that a presentation of the merits of the action will be served thereby. Since the burden is on the defendant, as appellant here, to show error by the record and no discernible error appearing, the trial judge's denial of the defendant's motion is affirmed.

2. The remaining enumeration of error is without merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 6, 1980.

*Ralph H. Witt,* for appellants.
*J. Blair Craig, II, John F. Daugherty,* for appellees.