62260. WELLS et al. v. WHITEMARSH CONTRACTORS, INC.

McMurray, Presiding Judge.

This is an action to seek a reimbursement to plaintiff for certain overpayments allegedly made by plaintiff to defendants for the purchase of construction materials. Contemporaneously with the filing of its complaint on February 21, 1980, plaintiff filed its request for admissions which were served upon defendants. Defendants filed their answer, admitting the allegations of the complaint as to their residence but otherwise denying the allegations of plaintiff.

However, defendants failed to answer the plaintiff's request for admissions within the permitted time. Relying upon the pleadings and defendants' failure to answer the request for admissions plaintiff filed its motion for summary judgment on April 21, 1980. Two days later on April 23, 1980, the defendants filed their motion to allow withdrawal of admissions and also filed their answers to plaintiff's request for admissions.

The trial court denied the defendants' motion to allow withdrawal of admissions and subsequently granted plaintiff's motion for summary judgment. Defendants appeal enumerating as error the denial of their motion to allow withdrawal of admissions and the order granting plaintiff's motion for summary judgment. *Held:*

Consideration of a motion to withdraw admissions must be "on the basis of whether 'the presentation of the merits of the action will be subserved thereby' and whether the respondent can 'satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits.' " *Cielock v. Munn,* 244 Ga. 810, 812 (262 SE2d 114). See also *Moore Ventures Limited Partnership v. Stack,* 153 Ga. App. 215 (264 SE2d 725); *Young v. Brown,* 154 Ga. App. 452 (268 SE2d 729); *Dorfman v. Lederman,* 154 Ga. App. 473, 474 (1) (268 SE2d 767); *Alexander v. H. S. I. Management,* 155 Ga. App. 116 (270 SE2d 325); *City of Atlanta v. State Farm Fire &c. Co.,* 156 Ga. App. 344 (274 SE2d 733); *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353, 357 (5) (274 SE2d 738).

In *Klemme Cattle Co. v. Westwind Cattle Co.,* 156 Ga. App. 353, 358 (5), supra, we noted that "[t]he manner in which the movant must establish that the withdrawal of the admissions would aid in the presentation of the merits is not clearly set forth in *Cielock v. Munn,* 244 Ga. 810, supra," and acknowledged the special concurrence of Justice Hill which rejected any assumption that this burden might be perfunctorily satisfied.

Justice Hill advocated that, "[t]he first inquiry should be this — who will have the burden of proof at trial as to the subject matter of the request? If the burden of proof as to the subject matter of the

request will be on the defaulting movant, then movant should be required to show that the proffered denial of the request can be proved by admissible evidence having a modicum of credibility, and that the denial is not offered solely for the purpose of delay.

"On the other hand, if (as may more often be the case) the burden of proof as to the subject matter of the request will be on the requestor, then movant should be required to show that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and that the denial is not offered solely for purposes of delay.

"After the movant satisfies the court as to the first prong, then the requestor should be afforded the opportunity to satisfy the second prong." *Cielock v. Munn,* 244 Ga. 810, 813, supra (Justice Hill concurring specially).

Thus, although we have previously recognized the issues arising due to Justice Hill's special concurrence we have not previously reached this question as to the burden placed upon the movant by the first prong of the test set forth in *Cielock v. Munn,* 244 Ga. 810, supra. This issue is now squarely presented in the case sub judice as the trial court has applied the test set forth in Justice Hill's special concurrence and determined that the "Defendants, the movants, only perfunctorily satisfied the first prong of the test. They filed the motion, but they failed to show that the admitted request could be refuted by admissible evidence or that the admitted request was incredible on its face, and that the denial was not offered solely for purposes of delay." The trial court has specifically determined that the movants have failed to satisfy the first prong of the test, that is, that they have failed to meet the burden of showing that the presentation of the merits will be subserved thereby if the admissions are withdrawn.

While we might be in complete accord with Justice Hill's views we must adhere to the holdings of the majority in *Cielock v. Munn,* 244 Ga. 810, supra. Consequently, we believe that the trial court erred in not directly applying the holding of the majority in *Cielock v. Munn,* 244 Ga. 810, supra. We do not believe this results in a situation where the first prong test is "satisfied simply by the filing of the motion itself, which shows movant's desire to raise an issue of fact to be tried." *Cielock v. Munn,* 244 Ga. 810, 813, supra (Justice Hill, concurring specially). More than the simple filing of the motion is required under the language of the majority. See *City of Atlanta v. State Farm Fire &c. Co.,* 156 Ga. App. 344, supra, in which the language of the majority as to the first prong test was applied resulting in the affirmance of the trial court's denial of defendants' motion to withdraw the admissions which had resulted from a failure

to answer the request for admissions in that case.

It appearing that the grant of summary judgment in favor of plaintiff is dependent on the denial of the motion to allow withdrawal of admissions, the trial court erred in granting same and the case sub judice must be remanded for reconsideration of the motion to allow withdrawal of admissions "on the basis of whether 'the presentation of the merits of the action will be subserved thereby' and whether the respondent can 'satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits.' " *Cielock v. Munn,* 244 Ga. 810, 812, supra.

*Judgment reversed and case remanded. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1981 —
REHEARING DENIED OCTOBER 27, 1981 — ▮▮▮▮▮▮▮▮

*John T. Woodall, Michael D. Usry,* for appellants.
*Laurie K. Abbott, Anthony H. Abbott,* for appellee.