64137. HANSON v. FARMER.

SHULMAN, Presiding Judge.

Alleging breach of an oral agreement, appellee Farmer filed suit against appellant Hanson. On June 8, 1981, appellee filed a request for admission of facts pursuant to Code Ann. § 81A-136. Appellant's response thereto was filed July 24, 1981, 16 days after the expiration of the statutory response time. Code Ann. § 81A-136 (a). Shortly thereafter, appellee moved for summary judgment on the basis that the pleadings and the facts deemed admitted under § 81A-136 (a) due to appellant's failure to timely respond showed that there was no genuine issue as to any material fact. On December 10, 1981, the trial court held a hearing on the motion for summary judgment, took the matter under advisement, and allowed the parties to file post-hearing briefs on the effect of appellant's failure to respond timely to the request for admissions. Subsequent to the hearing, but prior to the entry of judgment, appellant filed a motion to withdraw admissions. See Code Ann. § 81A-136 (b). The trial court granted summary judgment to appellee, effectively denying appellant's motion to withdraw admissions. Appellant now contends that the trial court abused its discretion when it failed to allow appellant to withdraw his admissions.

1. "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Code Ann. § 81A-136 (b).

" '[A] party who fails to answer within the required time may seek to 'withdraw' his admissions but he must take the initiative and

file a *motion,* otherwise he is bound by such admissions. [Cits.]' " *Drummond v. Brown,* 149 Ga. App. 248 (1) (253 SE2d 868). Such a motion must be filed timely in order to be considered. *Meadows v. Dalton,* 153 Ga. App. 568 (2) (266 SE2d 235). Appellant's motion to withdraw his responses, filed after the hearing on the motion for summary judgment but prior to the entry of summary judgment for appellee, was timely filed. *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406 (1) (283 SE2d 632); *Meadows v. Dalton,* supra.

Code Ann. § 81A-136 (b) and judicial interpretations thereof require the movant in a motion to withdraw admissions (appellant herein) to show that "the presentation of the merits of the action will be subserved" by the allowance of the motion. See *Whitemarsh Contractors, Inc. v. Wells,* 249 Ga. 194 (288 SE2d 198), concerning the burden of proof appellant must carry to satisfy this requirement. If the movant successfully makes such a showing, it is up to the respondent (appellee herein) "to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Code Ann. § 81A-136 (b); *Cielock v. Munn,* 244 Ga. 810 (262 SE2d 114); *City of Atlanta v. State Farm Fire &c. Co.,* 156 Ga. App. 344 (274 SE2d 733). Depriving the respondent of a judgment by default "is not the kind of prejudice envisioned by the Act." *Dorfman v. Lederman,* 154 Ga. App. 473 (1) (268 SE2d 767).

Inasmuch as no hearing was held on appellant's motion to withdraw admissions, no evidence as to whether the merits of the action will be subserved by allowing the withdrawal and whether a withdrawal will prejudice appellee in maintaining his action was presented for the trial court's consideration. The trial court's order granting summary judgment to appellee and effectively denying appellant's motion to withdraw admissions reflects that court's failure to consider the merits of the motion within the parameters of the two-pronged test of Code Ann. § 81A-136 (b). The Supreme Court's holding in *Cielock v. Munn,* supra, requires a reversal of this case and a remand to the trial court for the presentation and consideration of evidence pertinent to appellant's motion to withdraw admissions. *Young v. Brown,* 154 Ga. App. 452, 454 (268 SE2d 729).

2. Since our decision herein reflects the fact that the appeal is meritorious, appellee's motion for the imposition of a ten percent penalty against appellant is denied. Code Ann. § 6-1801.

*Judgment reversed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 16, 1982.

*E. R. Lambert, Allan R. Roffman,* for appellant.
*James E. Carter,* for appellee.