A92A0540. WATSON et al. v. McDOWELL & SON, INC.
(420 SE2d 88)

JOHNSON, Judge.

McDowell & Son, Inc., filed a dispossessory action against Albert and Annie Watson. The Watsons answered and filed a counterclaim alleging that McDowell & Son fraudulently obtained title to the premises. The record contains the affidavit of Charlie McDowell, in which he states that he is the true owner of the premises, that McDowell & Son obtained title to the property through fraud and that he rents the premises to the Watsons pursuant to a valid lease agreement. A copy of that lease appears in the record. McDowell & Son served the Watsons with a request for admissions of fact pursuant to OCGA § 9-11-36, to which the Watsons did not timely respond. Thereafter, McDowell & Son moved for summary judgment on the basis of the facts deemed admitted. One of the facts deemed admitted is that no valid lease for the premises exists between the parties. The Watsons filed a motion to withdraw admissions prior to the court's hearing on the motion for summary judgment. The trial court, however, did not rule on the Watsons' motion to withdraw admissions. The trial court granted the motion for summary judgment and, in a separate order, issued a writ of possession of the premises to McDowell & Son due to the Watsons' failure to pay rent into the registry of the court as previously ordered. The Watsons appeal.

1. The Watsons assert that the trial court erred in granting summary judgment to McDowell & Son. We agree and reverse the grant of summary judgment.

The trial court erred in failing to consider the merits of the Watsons' motion to withdraw admissions prior to granting the motion for summary judgment. "[OCGA § 9-11-36 (b)] and judicial interpretations thereof require the movant in a motion to withdraw admissions (appellant herein) to show that 'the presentation of the merits of the action will be subserved by the allowance of the motion. . . . If the movant successfully makes such a showing, it is up to the respondent (appellee herein) 'to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.' [Cits.] . . . Inasmuch as no hearing was held on appellant's motion to

withdraw admissions, no evidence as to whether the merits of the action will be subserved by allowing the withdrawal and whether a withdrawal will prejudice appellee in maintaining his action was presented for the trial court's consideration. The trial court's order granting summary judgment to appellee and effectively denying appellant's motion to withdraw admissions reflects that court's failure to consider the merits of the motion within the parameters of the two-pronged test of [OCGA § 9-11-36 (b)]. The Supreme Court's holding in *Cielock v. Munn* [244 Ga. 810 (262 SE2d 114) (1979)], requires a reversal of this case and a remand to the trial court for the presentation and consideration of evidence pertinent to appellant's motion to withdraw admissions." [Cit.] *Hanson v. Farmer*, 163 Ga. App. 561, 562 (295 SE2d 343) (1982).

Even if the trial court had properly considered the merits of the Watsons' motion to withdraw admissions, the court still erred in granting summary judgment based on genuine issues of material fact found in the record. "On consideration of summary judgments we and the trial court must look at the entire record." *Lawson v. Duke Oil Co.*, 155 Ga. App. 363, 364 (270 SE2d 898) (1980). The record reveals a genuine issue as to whether a valid lease for the premises existed between the parties. Moreover, the record reveals a genuine issue as to whether McDowell & Son obtained title to the premises through fraud. While we note that we do not have jurisdiction over appeals involving title to land, this case does not present such an issue on appeal. Rather, the issue of title is genuine and material in this case and must be addressed by the trial court. "On motion for summary judgment the evidence is viewed in a light most favorable to the respondent, and the respondent is given the benefit of every doubt. The movant has the burden to prove the nonexistence of any genuine issue of material fact, and in so determining, the court will treat the respondent's paper with considerable indulgence." (Punctuation and citations omitted.) *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670) (1991). For the foregoing reasons, the trial court erred in granting summary judgment to McDowell & Son.

2. The Watsons also contend that the trial court erred in issuing a writ of possession to McDowell & Son on the basis that the Watsons failed to comply with a prior order compelling them to pay rent into the registry of the court pending resolution of the dispossessory action. In light of the genuine issues of material fact as to whether McDowell & Son holds valid title to the premises and whether a landlord/tenant relationship exists between the parties, the court's order requiring the Watsons to pay rent into the registry of the court was premature. Consequently, the issuance of a writ of possession to McDowell & Son based on the Watsons' refusal to pay rent into the registry of the court was error.

*Judgment reversed. Pope, J., concurs. Carley, P. J., concurs specially.*

CARLEY, Presiding Judge, concurring specially.

I concur only in Division 1 of the majority opinion wherein we find that under *Cielock v. Munn*, 244 Ga. 810 (262 SE2d 114) (1979), and its progeny, that the case must be remanded to the trial court for a hearing and ruling on appellants' motion to withdraw admissions. I do not believe that, at this time we should consider any other aspect of the case. Accordingly, I believe that the correct judgment line would be "Judgment reversed and case remanded with direction."

DECIDED JUNE 23, 1992

*Wallace & Moss, Howard P. Wallace, Whatley & Associates, Lynn H. Whatley,* for appellants.

*Clark & Smith, Emory L. Clark, Hoke Smith III, A. Michael Washington,* for appellee.