**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**May 18, 2018**

# In the Court of Appeals of Georgia

A18A0650. CORNERSTONE QUARRY 2010 A TRUST v. BE-022
HEATH.

BETHEL, Judge.

Cornerstone Quarry 2010 A Trust filed a purportedly verified complaint against Chrislon Heath, seeking unpaid amounts due on a note secured by property owned by Heath. Heath did not file a verified answer in the case.[1] Less than a year later, the trial court scheduled a final hearing on the case as part of a bench trial calendar. Counsel

---

[1] The trust also claims in its brief that Heath did not file a responsive pleading to the complaint and that by failing to deny the allegations of the complaint or raise any affirmative defenses, all allegations in the complaint are deemed admitted. The record before us does not contain any document styled as a formal answer to the trust's complaint. The only appearance of Heath in the record is a handwritten note, headed with the style of the case, in which Heath appears to acknowledge that the property in question was foreclosed upon and sold. The handwritten note goes on to convey Heath's apparent impression that the foreclosure and resale of the property had ended all business relative to the note secured by the property. Heath's filing does not explicitly deny the allegations of the complaint.

for the trust appeared but was not prepared to go forward with a final hearing, indicating to the trial court that no witnesses were present and that he had no evidence to present. Heath, proceeding pro se, did not attend the hearing. Following the hearing, the trial court dismissed the action with prejudice, noting that although Heath had not appeared in court to contest the trust's claims, the trust had not been prepared to present any evidence to the court.

Following an appeal by the trust, this Court vacated the dismissal order and remanded the case with direction to the trial court to clarify the basis upon which the case was being dismissed.[2] On remand, the trial court issued a subsequent order again dismissing the action with prejudice, clarifying that the trust had failed to meet its burden of proof due to a lack of evidence. This appeal followed.

The threshold issue in this case is whether the trial court improperly excluded the trust's purported verification of the complaint. In its original order, the trial court noted that "[a]lthough a verification was attached to the complaint, said verification was not an original document, but a copy." Following the remittitur from this Court, the trial court made the same observation. On this basis, in both of its orders, the trial court deemed the trust's complaint to not have been verified. Neither of the trial

_____

[2] *See* Case No. A17A1334.

2

court's orders cite to any authority under Georgia law to support its conclusion that the trust's purported verification was legally defective.

We note that nothing in the language of the relevant Georgia statutes appears to dictate that the document filed with the trial court purporting to be a verification must be the original signed document. OCGA § 9-10-112 only requires that such verification be given "as provided by law." OCGA § 9-10-113 provides, in relevant part, that

> All affidavits, petitions, answers, defenses, or other proceedings required to be verified or sworn to under oath shall be held to be sufficient when the same are sworn to before any notary public, magistrate, judge of any court, or any other officer of the state or county where the oath is made who is authorized by the laws thereof to administer oaths. The oath if made outside this state shall have the same force and effect as if it had been made before an officer of this state authorized to administer the same. The official attestation of the officer before whom the oath or affidavit is made shall be prima-facie evidence of the official character of the officer and that he was authorized by law to administer oaths.

In this case, the verification submitted by the trust contained the signature of its authorized representative and was attested to by a notary public commissioned in Ohio. Thus the purported verification appears to meet the very minimal requirements

3

set forth in OCGA § 9-10-113, as nothing in the language of that code section suggests that the document filed with the court must be the original signed version.[3]

Moreover, the trial court's revised order points to no authority under the Uniform Superior Court Rules which would suggest that a purported verification is defective because the original signed version of the document is not filed with the court. Nor does the trial court's order indicate that a local standing order is the basis for its ruling.

Absent citation to authority, this Court is unable to determine on what basis the trial court deemed the verification defective and whether the trial court's order is consistent with such authority. We therefore vacate the order of the trial court and again remand this case for further consideration and clarification, or correction of its order as necessary.

*Judgment vacated and case remanded with direction. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*

---

[3] We further note that to the extent Heath objected to the use of a photocopy of the original document, he failed to do so through motion practice or at the hearing.