**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**April 21, 2020**

# In the Court of Appeals of Georgia

A20A0021. NJOKU et al. ADEYEMI.

MERCIER, Judge.

Hilda Adeyemi sued Stanley Njoku and Hope Hospice of Atlanta, Inc. (collectively, "the defendants") for breach of contract and other claims arising out of a partnership agreement. The trial court subsequently denied the defendants' motion for summary judgment and granted Adeyemi's motion for an expedited order of accounting. The defendants appeal, raising several claims of error.[1] For reasons that follow, we affirm the trial court's summary judgment ruling, but we vacate the order directing that an accounting be had and remand the case for further proceedings.

---

[1] Pursuant to OCGA § 5-6-34 (a) (3), "judgments or orders directing that an accounting be had" are directly appealable.

1. Summary judgment is appropriate when the evidence, construed most favorably to the non-movant, demonstrates that no genuine issues of material fact remain and that the movant is entitled to judgment as a matter of law. See *Great Water Lanier v. Summer Crest at Four Seasons on Lanier Homeowners Assn.*, 344 Ga. App. 180, 181 (811 SE2d 1) (2018). So viewed, the record shows that in September 2015, Njoku, Adeyemi, and Dr. Errol Duncan executed an "Investment/Partnership Agreement," through which they agreed to invest in and carry on the business of Hope Hospice of Atlanta, Inc. ("Hope Hospice"), a licensed hospice facility. Njoku served as administrator of the hospice, and Duncan was named medical director.

The partnership agreement obligated each partner to contribute a specified amount of capital to the business, with Adeyemi to invest $30,000 by December 31, 2015. Adeyemi failed to meet the funding deadline, but she ultimately contributed $28,500 to the venture. According to Adeyemi, however, Njoku began questioning the viability of the business, and he indicated by the summer of 2016 that he wanted to close the hospice. Relations between the partners deteriorated, and Njoku agreed to refund to Adeyemi the money she had invested in the business. Between November 2016 and August 2017, Hope Hospice paid Adeyemi installments totaling $11,000.

Dissatisfied with these payments, Adeyemi sued the defendants on November 20, 2017, alleging claims for fraud, breach of the partnership agreement, and attorney fees. She later amended her complaint to request an accounting of Hope Hospice and her "investment therein." The defendants counterclaimed, asserting that Adeyemi had violated the partnership agreement. Discovery commenced, and on May 27, 2018, the defendants served requests for admission on Adeyemi, seeking Adeyemi's admission that, among other things, she breached the partnership agreement by not making her required capital contribution by December 31, 2015; she failed to submit the dispute to mediation and/or arbitration, as required by the partnership agreement; and she had been refunded a portion of her capital contribution.

Adeyemi did not respond to the requests for admission within the 30-day time period imposed by OCGA § 9-11-36 (a) (2), rendering the matters in the requests admitted. Citing these admissions, the defendants moved for summary judgment, asserting that they were "entitled to judgment as a matter of law because by fail[ing] to respond [to the requests for admission] [Adeyemi] ha[d] admitted to the fact that amongst other [things] an agreement was reach[ed] for a reimbursement of her contribution, thus depriving her of any claims in this action." In their summary judgment brief, the defendants similarly characterized the key issue as follows: "Are

3

[the defendants] entitled to . . . summary judgment as a matter of law, following [Adeyemi's] failure to respond to [the defendants'] request for admissions?"

On the morning of December 19, 2018, just a few hours before the trial court held a hearing on the defendants' summary judgment motion, Adeyemi filed a motion to withdraw her admissions. She also filed responses to the requests for admission, which she had served on the defendants by statutory electronic service on December 14, 2018. The parties addressed Adeyemi's admissions at the summary judgment hearing, with the defendants arguing that the admissions supported summary judgment, and Adeyemi countering that she should be permitted to withdraw them. The trial court took the matter under advisement, and on February 13, 2019, it granted Adeyemi's motion to withdraw the admissions and deemed her responses timely. Noting that the defendants' summary judgment argument rested on the admissions, the trial court also denied their motion for summary judgment.

Several weeks later, Adeyemi moved for an expedited order of accounting. She asserted that Njoku had not provided her with financial information relating to Hope Hospice, despite her numerous requests for such information. The trial court granted Adeyemi's motion over the defendants' objection, ordering the defendants to provide Adeyemi with "a GAAP compliant accounting . . . for Hope Hospice of Atlanta, Inc.

4

fiscal years 2015, 2016, 2017, 2018, and partial (year-to-date) 2019." This appeal followed.

(a) Before addressing the trial court's summary judgment ruling, we must first consider whether the court properly permitted Adeyemi to withdraw the admissions on which the summary judgment motion was based. Pursuant to OCGA § 9-11-36 (b), "[a]ny matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Withdrawal is allowed "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice him in maintaining his action or defense on the merits." OCGA § 9-11-36 (b). A trial court exercises its discretion in ruling on a motion to withdraw an admission, and we will not reverse the trial court's ruling absent an abuse of that discretion. See *Sayers v. Artistic Kitchen Design*, 280 Ga. App. 223, 226 (2) (633 SE2d 619) (2006).

To demonstrate that the merits of an action would be served by allowing withdrawal of admissions, the moving party must show "that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, and that [the] denial was not offered solely for the purposes

5

of delay." *Elrod v. Sunflower Meadows Dev.*, 322 Ga. App. 666, 668 (1) (745 SE2d 846) (2013) (citations and punctuation omitted). The trial court found that Adeyemi met these requirements, and the record supports that decision.

In support of her motion to withdraw admissions, Adeyemi filed an affidavit verifying her responses to the requests for admissions, in which she denied various requests, raised objections, and offered contrary evidence, including that Njoku had violated provisions of the partnership agreement and that any breach she committed had been waived. She further verified the truth of her amended response to the defendants' summary judgment motion, which also set forth facts supporting her claims. And she testified that "there [was] no intentional delay" in responding to the requests for admission, but that work on the case had stalled due to her attorney's personal problems. According to Adeyemi: "I have always intended to pursue this matter diligently." Given this evidence, the trial court was authorized to find that Adeyemi had refuted the bare admissions and that her motion to withdraw was not interposed solely for the purpose of delay. See *Elrod*, supra.

Once the moving party demonstrates that presentation of the merits would be subserved by allowing withdrawal of the admissions, the party opposing withdrawal must show that the withdrawal would prejudice him or her. See *Elrod*, supra; OCGA

6

§ 9-11-36 (b). "Merely being forced to go to trial is not such a prejudice as will prevent the withdrawal of admissions." *Elrod*, supra. Ultimately, "the purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent." See *Sayers*, supra (citation and punctuation omitted).

On appeal, the defendants do not argue that they demonstrated prejudice below. Instead, they assert that the motion to withdraw was untimely and that they had no opportunity to offer evidence of prejudice. We disagree.

With respect to timeliness, the defendants claim that Adeyemi should not have been permitted to file her motion to withdraw admissions "in the middle of [the] hearing [on] a motion for summary judgment on the pivotal subject of admission." The record shows, however, that the motion was filed prior to the hearing. More importantly, a party in this situation may move to withdraw admissions at any time before summary judgment is *granted*. See *Hanson v. Farmer*, 163 Ga. App. 561, 562 (1) (295 SE2d 343) (1982) ("Appellant's motion to withdraw his [admissions], filed after the hearing on the motion for summary judgment but prior to the entry of summary judgment for appellee, was timely filed."); *Albitus v. Farmers & Merchants Bank*, 159 Ga. App. 406, 408 (1) (283 SE2d 632) (1981) ("[B]efore summary

judgment was entered, there was nothing which would have prevented the [defendant] from filing a proper motion to withdraw or amend [its] admission."). Adeyemi's motion to withdraw admissions, therefore, was timely. See *Hanson*, supra.

The record further shows that the defendants had ample time to respond to Adeyemi's motion and demonstrate prejudice. Adeyemi filed her motion to withdraw on December 19, 2018. The trial court did not grant the motion until February 13, 2019, almost two months later. The defendants could have responded to the motion to withdraw admissions within that period, but they failed to respond.

Finally, we cannot agree with the defendants that the trial court was required to hold a hearing on Adeyemi's motion to withdraw. Generally, "all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." Uniform Superior Court Rule 6.3. Parties may request a hearing on a motion, but the record reveals no such request with respect to the motion to withdraw. And although the defendants have cited several cases in which we reversed a ruling on a motion to withdraw admissions where no hearing was held, we did so in those cases because the record lacked any evidence on which the trial court could base its ruling. See *Watson v. McDowell & Son*, 204 Ga. App. 635, 635-636 (1) (420 SE2d

88) (1992); *Hanson*, supra. In contrast, Adeyemi presented evidence supporting the motion to withdraw, including that opposing counsel "declined" to accept her responses to the requests for admission when she offered to respond shortly after they were due.

Adeyemi's motion to withdraw her admissions was timely filed, and the defendants have not demonstrated that they lacked the opportunity to respond or show prejudice. At the summary judgment hearing, defense counsel baldly asserted that the defendants did not "have all of the admissible evidence that [they] need[ed] to prosecute this case." But the defendants have made no effort to support this vague claim or explain how withdrawal of the admissions impeded their ability to gather evidence. The trial court was authorized to find a lack of prejudice here, and it properly exercised its discretion in permitting Adeyemi to withdraw her admissions. See *Elrod*, supra at 668-669.

(b) In addition to granting the motion to withdraw, the trial court denied the defendants' motion for summary judgment. We find no error. As noted above, the defendants' summary judgment motion was based *entirely* on Adeyemi's admissions.

9

As those admissions have now been withdrawn, the basis for the defendants' summary judgment motion no longer exists.[2]

2. The defendants claim that the trial court erred in resolving various motions in the case (including Adeyemi's motion to withdraw admissions) without ruling on their pending motion to sanction Adeyemi for discovery violations. But they have not cited – and we have not found – any authority requiring the trial court to rule on the sanctions motion before deciding other issues. This claim of error, therefore, lacks merit. See generally *Bloomfield v. Liggett & Myers*, 230 Ga. 484, 485 (198 SE2d 144) (1973) (trial court has "inherent power . . . to control its proceedings").

3. Finally, the defendants argue that the trial court erred in directing that an accounting of Hope Hospice's financial records be conducted. According to the defendants, although a partner may have a right to an accounting of partnership

---

[2] On appeal, the defendants claim that they are entitled to summary judgment because the record shows that Adeyemi failed to comply with an arbitration provision in the partnership agreement. Again, however, the defendants' summary judgment motion focused on admissions that have now been withdrawn. We will not consider a summary judgment argument raised for the first time on appeal. See *Pinnacle Properties V v. Mainline Supply of Atlanta*, 319 Ga. App. 94, 100 (2) (735 SE2d 166) (2012) ("Appellate courts do not consider whether summary judgment should have been granted for a reason not raised below because, if they did, it would be contrary to the line of cases holding that a party must stand or fall upon the position taken in the trial court.") (citation and punctuation omitted).

assets, see OCGA § 14-8-22, Adeyemi withdrew from the partnership when she accepted partial reimbursement of her investment funds and thus was not entitled to view the partnership's financial records.

We are unable to properly resolve this claim because the basis for the trial court's accounting order is unclear. Undoubtedly, a trial court may order a pre-trial accounting in certain circumstances. Pursuant to OCGA § 9-7-3, for example,

> [i]n all cases in the superior, state, or city courts involving matters of account, if the case shall require it, the judge may appoint an auditor to investigate the matters of account and report the result to the court upon the application of either party and after notice to the opposite party, or upon his own motion when in his judgment the facts and circumstances of any such case require it.

It is not clear, however, whether the trial court acted under this or some other authority, as the court's order is silent on the basis for its ruling and the relief granted does not comport entirely with the language of OCGA § 9-7-3.[3] Because we do not know the basis for the trial court's order of accounting, we cannot determine whether the defendants' claim of error has merit. Accordingly, we vacate the trial court's order

---

[3] For instance, the trial court ordered the defendants to present the results of the accounting to Adeyemi, instead of the court.

11

of accounting and remand the case for further consideration and clarification of that ruling. See *Nat. Indem. Co. v. Lariscy*, 352 Ga. App. 446, 451 (835 SE2d 307) (2019) (vacating summary judgment order and remanding for the trial court to clarify the basis for its ruling); *Cornerstone Quarry 2010 A Trust v. Heath*, 345 Ga. App. 806, 808 (815 SE2d 557) (2018) (vacating order dismissing complaint and remanding for trial court to specify the authority for its dismissal).

*Judgment affirmed in part and vacated in part, and case remanded with direction. Miller, P. J., and Coomer, J., concur.*